FILED
January 08, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003998538

Mikalah Raymond Liviakis (251362)
Liviakis Law Firm, PC
1024 Iron Point Rd.
Folsom, CA 95630
Tel: (916) 357-6696

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

Debtor:

Geraldine Rosetta Ludovico

Last Four Letters of Debtor's SS#: 6248

Case Number: 2011-49990
Chapter 7
DCN: MRL-001

Date: January 17, 2012

Time: 10:00 am

Location: 501 I St., 7th Floor, Courtroom 28
          Sacramento, CA 95814

Judge: Honorable Michael S. McManus

## MOTION TO COMPEL TRUSTEE TO ABANDON ESTATE PROPERTY

Geraldine Rossetta Ludivico, the Debtor in the above-captioned chapter 7 case, moves the Court pursuant to Bankruptcy Code 11 USC §554 and Bankruptcy Rule 6007(b) to compel the Trustee to abandon all estate property connected to the Debtor's business to allow the Debtor to continue business operations throughout the bankruptcy proceedings.

11 U.S.C. §554(a) permits a trustee to abandon any property of the estate that is burdensome to the estate or has an inconsequential benefit to the estate. 11 U.S.C. §554(b) permits the Court to order

_____1_____

MOTION TO COMPEL TRUSTEE TO ABANDON ESTATE PROPERTY

LIVIAKIS
LAW FIRM
1024 IRON
POINT RD.
FOLSOM, CA
95630
916-357-6696

abandonment of any property of the estate, after notice and hearing that is burdensome or of inconsequential value to the estate. Bankruptcy Rule 6007(b) allows a party of interest to move the Court to require the Trustee to abandon estate property.

Accordingly, the Debtor moves the Court to Compel the Trustee in this case to abandon all property pertaining to the operation of the Debtor's business and states the following:

1. On December 30, 2011, the Debtor filed a voluntary petition, initiating the above-captioned chapter 7 bankruptcy.
2. Since 1983 Debtor has run MVP Preschool which is located at 124 Tallyville Way in Folsom, California 95630.
3. The operation of MVP Preschool is the Debtor's primary source of income. In 2009 the Debtor earned approximately $39,882.00 in gross income from this daycare business. In 2010 the Debtor earned approximately $44,800.00 in gross income from the business. At the time of filing, the Debtor had earned approximately $33,860.00 in gross income from the business for 2011.
4. Currently the Debtor estimates a monthly gross income of $2,822.00 from the business in tuition fees for her students.
5. Debtor also estimates monthly business expenses of approximately $705.03 for taxes, rent, office supplies, insurance, vehicle expenses, and snacks for students and craft supplies.
6. In Schedule B of Debtor's petition, she lists office equipment, a table, books and toys which are valued at a total of $500.00 and a used in business operations. These include a variety of age appropriate toys typical for a small daycare center. Because the Debtor's business is focused around education, many of the supplies include paper and craft supplies. Debtor claims this property as exempt in Schedule C of her petition under C.C.P. §703.140(b)(3).
7. Because the listed personal property is claimed as exempt and only valued at $500.00 total, the Debtor submits that this property is of an inconsequential value to the estate. Further, because these supplies are being used in the daycare, they are well worn and are unlikely to sell for a significant amount during liquidation.

MOTION TO COMPEL TRUSTEE TO ABANDON ESTATE PROPERTY

LIVIAKIS
LAW FIRM
1024 IRON
POINT RD.
FOLSOM, CA
95630
916-357-6696

8. Debtor's business is a small operation. She rents the daycare space and provides care for a small number of students. On average the Debtor has six students at the preschool a day and operates the business on a normal school schedule from August to May. Debtor does not employ any staff. As such, the business operates for approximately 10-11 months a year. The accounts receivable for the business amount to approximately $2,822.00 a month. A substantial amount of these funds go to pay business operation expenses. Debtor submits that the remaining $2,117.03 is inconsequential to the estate.

9. The Debtor is not a party to any business leases or contracts. She pays rent to use her business space on a monthly basis, and this includes insurance for the business activity under an insurance policy held by the landlord. The Debtor holds an active daycare license, which is required to operate her business.

10. Because it would be difficult for the Trustee to assume management of the daycare, this business and its assets are burdensome to the estate unless the Trustee abandons them and allows the Debtor to continue business operations.

11. Debtor believes that all scheduled business assets and operations are of no consequence or burdensome to the estate.

12. Debtor requests the Court to compel the Trustee to abandon all scheduled business assets and operations from the estate.

WHEREFORE, the Debtor respectfully moves the Court to issue an order:

1. Compelling the Chapter 7 Trustee to abandon said property from the bankruptcy estate.
2. For other relief the Court deems just and proper.

Respectfully submitted,

Dated: January 8, 2012

LIVIAKIS
LAW FIRM
1024 IRON
POINT RD.
FOLSOM, CA
95630
916-357-6696

**/s/ Mikalah Raymond Liviakis**

Mikalah Raymond Liviakis

Attorney for Debtor

LIVIAKIS
LAW FIRM
1024 IRON
POINT RD.
FOLSOM, CA
95630
916-357-6696